Romalice McGHEE, Jr., Terry Briggs, Sr., individually and on behalf of all others similarly situated, Plaintiffs,

v.

Rudy BELISLE, individually and in his official capacity as Chief Jail Administrator of Orleans Parish Prison, Charles C. Foti, Jr., individually and in his official capacity as Orleans Parish Criminal Sheriff, Defendants.

Civ. A. No. 76–3712.

United States District Court, E. D. Louisiana.

Oct. 31, 1980.

Mark A. Moreau, New Orleans, La., for plaintiffs.

LeRoy A. Hartley, Freeman R. Matthews, New Orleans, La., for defendants.

CASSIBRY, District Judge:

Inmates of Orleans Parish Prison, Orleans Parish, Louisiana brought this class action under 42 U.S.C. § 1983 challenging the constitutionality of various practices of the prison officials. Immediately prior to the time the case was set for trial on the merits, the parties reached an agreement as to all but one of the contested issues, and notified the Court of this settlement in an amendment to the pre-trial order. The outstanding issue, the procedural due process requirements for the revocation or denial of good–time was submitted on the record and stipulations of the parties.

The issue before the court is: Whether due process requires (a) advance written notice of alleged disciplinary violations, (b) a written statement of the facts, evidence and reasons and (c) a hearing or opportunity to be heard, before good–time is withheld, denied or revoked. The plaintiffs claim that the Louisiana statute authorizing good–time credits, L.S.A.–R.S. 15:571.10, creates a substantial liberty interest which cannot be revoked or denied without certain procedural protections. Furthermore, the plaintiffs contend that this entitlement to due process is not only rooted in the state statute but also in prison rules or regulations or official policies or practices. The defendants argue that there is no statutory entitlement to procedural safeguards when good–time is revoked or denied. While admitting that a well behaved inmate may reasonably expect to receive his good–time credits, the defendants assert that prison officials are allowed discretion in withholding or revoking good–time and this discretion is a justifiable disciplinary tool needed to maintain institutional security. Moreover, the defendants claim that the procedures followed by Orleans Parish Prison authorities satisfy the relevant due process requirements.

There is no constitutional or inherent right of a convicted person to be released prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979). The Constitution does not mandate good–time credit for satisfactory behavior while in prison. *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). Rather, this credit is a creature of state law and the relevant inquiry is whether good–time, as defined by Louisiana law, creates a liberty interest, entitling inmates of Orleans Parish Prison to the minimum procedures required by the Due Process Clause of the Fourteenth Amendment. *Id.*

The statutory basis for good–time in Louisiana is found in L.S.A.–R.S. 15:571.10, which states in pertinent part:

B. Notwithstanding any other provisions to the contrary, for work performed and/or attendance in rehabilitation programs and/or good behavior, any prisoner in the Orleans Parish Prison consenting to work either within the parish prison or on public works programs outside of the parish prison and/or to attend rehabilitation programs and/or demonstrating good behavior may at the discretion of the Criminal Sheriff in Orleans Parish be granted a diminution of sentence which shall take off or remit from said sentence as many days as the said prisoner shall have worked and/or attended rehabilitation programs and/or demonstrated good behavior.

The plaintiffs, relying primarily on *Wolff v. McDonnell*, contend that this statute creates a substantial liberty interest. In *Wolff*, the Supreme Court determined that a Nebraska Statute, which provided that good–time credits could be forfeited only for serious misbehavior, created a liberty interest protected by the Due Process

Clause and the Court held that certain minimum procedures must be instituted "to insure that the state–created right is not arbitrarily abrogated." *Wolff v. McDonnell*, supra.

■ However, the *Wolff* procedures are only required when the statute specifically limits the discretion of prison authorities. For example, in *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), the Supreme Court held that procedural due process was not applicable to interprison transfers because the relevant Massachusetts statutes did not condition such transfers upon the occurrence of specified events. *Id.* at 226–27, 96 S.Ct. at 2539. See also *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976).

■ The Louisiana statute, like the statutes construed in *Meachum* and *Montanye*, does not condition the right of good–time upon the occurrence of specified events. Rather, the inmate "may" be granted a diminution of sentence "at the discretion" of the criminal sheriff. Since prison authorities are vested with discretion in granting or withholding good–time, "[t]he predicate for invoking the protection of the Fourteenth Amendment as construed and applied in *Wolff v. McDonnell* is totally nonexistent in this case." *Meachum v. Fano*, supra, 427 U.S. at 227, 96 S.Ct. at 2539.

■ The plaintiffs also claim that the due process entitlement may be rooted "in prison rules or regulations or official policies or practices." *Mitchell v. Hicks*, 614 F.2d 1016, 1019 (5th Cir. 1980). There is substantial authority to support this proposition and I will assume, *arguendo*, that rules or regulations which purport to limit the discretion of prison officials may give rise to due process procedures. See *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980); *Mitchell v. Hicks*, 614 F.2d 1016 (5th Cir. 1980); *Durso v. Rowe*, 579 F.2d 1365 (7th Cir. 1978); *Wright v. Enomoto*, 462 F.Supp. 397 (N.D.Cal.1976), aff'd, 434 U.S. 1052, 98 S.Ct. 1223, 55 L.Ed.2d 756 (1978).

■ In the instant case, the plaintiffs have not established the existence of an official rule, regulation or official practice with regard to good–time credits awarded in Orleans Parish Prison. It is stated in the pre–trial order as an uncontested material fact: "That based on practice, an inmate who does not engage in serious misconduct during his incarceration at Orleans Parish Prison can reasonably expect to receive the allowable good–time under Louisiana Law." There is, however, no indication that this "practice" is the official policy of the Orleans Parish Prison or whether as a matter of practice inmates usually receive good–time unless they have misbehaved. This distinction between the official practice of prison authorities and the empirical practice as it appears to the inmates is crucial to the application of procedural due process. The aforementioned jurisprudence clearly indicates that due process is invoked when the state specifically limits its discretion in dealing with prisoners. The state, having created a right or liberty, cannot revoke that right arbitrarily. The mere fact that prisoners are usually treated in a certain manner does not itself create a state right. Indeed, in *Meachum v. Fano*, supra, 427 U.S. at 228, 96 S.Ct. at 2540, the Supreme Court specifically rejected the argument that prisoners' expectations, based on practice, give rise to due process considerations. "Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all." *Id.*

In the cases where the courts refer to a non–statutory basis for due process, the due process claim is predicated on the official rules or regulations of the penal institution. In the present case, the plaintiffs have not established any official rules or regulations regarding good–time. In the absence of some evidence that the prison authorities have officially restricted their discretion in granting or denying good–time, the plaintiffs' claim for procedural due process must be denied.

**192**

Accordingly, the Clerk shall prepare judgment dismissing plaintiffs' suit.