589 So.2d 534 (1991)
Alonzo A. HOWARD
v.
LOUISIANA BOARD OF PROBATION AND PAROLE, et al.
Alonzo A. HOWARD
v.
LOUISIANA DEPARTMENT OF CORRECTIONS, et al.
Nos. CA 90 1134, CA 90 1135.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
Writ Denied November 22, 1991.
Alonzo A. Howard, in pro. per.
Debra A. Rutledge, Baton Rouge, for defendant-appellee Louisiana Bd. of Probation and Parole, et al.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Appellant, Alonzo A. Howard, an inmate in the custody of the Louisiana Department of Corrections (Department), appeals from a summary judgment dismissing his challenge to the date established for his release from custody. Appellant contends the Department erred in not including good time credits in its computation of his release date.
In 1983, appellant was incarcerated for two separate convictions of simple burglary, for which he received sentences of three and seven years, respectively. Pursuant to La.R.S. 15:571.5, he was released from custody on September 5, 1988, due to the diminution of his sentence for good behavior. Subsequently, however, appellant's release from custody was revoked after he violated several of the conditions of his release. Following this revocation, the Department recalculated his release date without allowing credit for the approximately three and one-half years of good time credits appellant had earned prior to his release in September of 1988. Appellant ultimately filed suit[1] in district court against the Department and the Louisiana State Parole *535 Board, seeking to have his release date recalculated to include his accumulated good time credits.
Although appellant's early release was made pursuant to La.R.S. 15:571.5, he maintains that any forfeiture of good time credits which may occur as a result of the revocation of his early release is governed by La.R.S. 15:571.4 B and C, rather than by La.R.S. 15:571.5 as maintained by the Department. Determination of which statute is applicable is crucial because R.S. 15:571.4 provides that, upon an inmate's return to the Department's custody following revocation, a maximum of one hundred and eighty days of his previously earned good time credits can be forfeited, whereas R.S. 15:571.5 C provides that, upon revocation, an inmate shall be recommitted to the Department for the remainder of his original full term.
Specifically, these statutes provide, in pertinent part, as follows:
§ 571.4. Computation of diminution of sentence allowed; forfeiture
B. ... Good time which has been earned shall not be forfeited except as provided in Subsection C of this Section.

C. ... An inmate who has been returned to the custody of the Department of Public Safety and Corrections because of a violation of parole granted after July 26, 1972, shall forfeit all good time earned on that portion of the sentence served prior to the parole, up to a maximum of one hundred eighty days.

§ 571.5 Supervision upon release after diminution of sentence for good behavior; conditions of release; revocation
A. When a prisoner committed to the Department of Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole.

. . . . .
B. The person released because of diminution of sentence pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on parole.
The supervision shall be for the remainder of the original full term of sentence.
If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked.
C. Upon revocation of the person's release upon diminution of sentence by the parole board, the person shall be recommitted to the Department of Corrections for the remainder of the original full term. No further diminution of sentence for good behavior shall be allowed. Emphasis added.

A plain reading of these provisions indicates appellant's argument that R.S. 15:571.4 controls the disposition of his previously earned good time credits lacks merit. That provision is applicable to situations where a revocation of parole has occurred. In contrast, R.S. 15:571.5 applies to situations where an early release because of diminution of sentence has been revoked. The legislature clearly intended to distinguish between these two situations, as is apparent from the language in La.R.S. 15:571.5 A to the effect that a prisoner released because of diminution of his sentence, shall be released "as if" on parole. There would obviously be no need for this provision if such a release was itself considered to be the same as parole. Furthermore, the language of La.R.S. 15:571.5 maintains this distinction throughout, consistently referring to an inmate's release pursuant to this provision as being "because of diminution of sentence" and never as being released on parole.
Appellant also argues the Department erred in failing to recognize his accumulated good time credits because due process mandated he could not be deprived of *536 these credits, in which he possessed a substantial liberty interest, without a hearing.[2]
With respect to this argument, we initially note that an inmate does not have a constitutional or inherent right to a conditional release prior to the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal & Cor., 442 U.S. 1, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); McGhee v. Belisle, 501 F.Supp. 189 (E.D.La.1980). Nevertheless, State statutes establishing a scheme for the award of good time credits to inmates may create a substantial liberty interest under certain circumstances. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). However, we need not determine whether the Louisiana good time scheme creates such an interest because, regardless, we believe the minimal requirements of due process have been met.
La.R.S. 15:571.5 C provides that upon revocation of an inmate's release due to diminution of sentence, the inmate must be recommitted for the remainder of his original term. This occurs automatically, as a mandatory consequence of the revocation. Since a revocation, with this attendant consequence, can occur only after a hearing is held before the Parole Board,[3] we believe an inmate who loses the benefit of good time credits pursuant to La.R.S. 15:571.5 C because of a revocation of his early release has been accorded the minimal due process required under the circumstances.
Finally, appellant argues the trial court erred in granting the defendants' motion for summary judgment because this judgment did not grant the ultimate relief prayed for by defendants, but merely struck down two theories of the case advanced by appellant. This contention is erroneous. In their motion, after asserting they were entitled to judgment as a matter of law, defendants prayed for judgment dismissing plaintiff's action against them, with prejudice. This is precisely the relief granted by the judgment at issue.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Appellant later filed an amended petition which was mistakenly assigned a separate suit number (349,789). These two suits, which were in fact one and the same, were subsequently consolidated by the trial court.
[2] Appellant further argues he was entitled to a hearing under the provisions of La.R.S. 15:571.4, which provides that an inmate has a right to a hearing regarding the forfeiture of good time credits. This argument clearly is without merit in view of our finding that R.S. 15:571.4 is not applicable in the instant case.
[3] See La.R.S. 15:571.5 B and La.R.S. 15:574.9 A. An exception to this requirement occurs when an inmate expressly waives his right to a hearing, in writing.