635 So.2d 738 (1994)
Michael BANCROFT
v.
LOUISIANA DEPARTMENT OF CORRECTIONS.
No. CA 93 1135.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
*739 Michael Bancroft, in pro. per.
Debra A. Rutledge, Dept. of Public Safety and Corrections, Baton Rouge, for appellee, Louisiana Dept. of Corrections.
Before CARTER, GONZALES and WHIPPLE, JJ.
GONZALES, Judge.
Plaintiff, Michael Bancroft, was convicted of attempted armed robbery and sentenced on October 3, 1985, to the custody of the Department of Corrections for a period of eight years. On September 2, 1989, Mr. Bancroft was released from the Department of Corrections through diminution of sentence in accord with La.R.S. 15:571.5. Mr. Bancroft remained outside the physical custody of the Department of Corrections until he was convicted of another felony in 1990. As a result of this conviction, his release was revoked in accord with La.R.S. 15:571.5, which provided that upon revocation he would be recommitted to the Department of Corrections for the remainder of the original full term of his sentence.
Mr. Bancroft argues, first, that he signed the parole conditions form under duress because it was a prerequisite to his being released from custody. Secondly, he argues that he should be given credit toward his sentence for the time he was free on parole, because he was still in legal custody during that time period. Third, he argues that because the law relative to release by diminution of sentence was amended after he began receiving "good time" credits toward reduction of his sentence, its application to him amounts to an ex post facto law, inflicting greater punishment on him than was inflicted by his original sentence.

ISSUE NO. 1: THE DURESS ARGUMENT
We note that an inmate does not have a constitutional or inherent right to a *740 conditional release prior to the expiration of a valid sentence. Howard v. Louisiana Board of Probation and Parole, 589 So.2d 534, 536 (La.App. 1st Cir.), writ denied, 590 So.2d 87 (La.1991); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); McGhee v. Belisle, 501 F.Supp. 189, 190 (E.D.La.1980). Louisiana Civil Code article 1962 provides in part:
A threat of doing a lawful act or a threat of exercising a right does not constitute duress.
The granting of a conditional release to Mr. Bancroft by the Department of Corrections under diminution of sentence was the exercise of a lawful act as provided for under La.R.S. 15:571.5, and therefore cannot constitute duress. Mr. Bancroft was not forced to accept an early release under diminution of sentence with parole conditions; rather, he chose conditional early release over the option of serving the remainder of his sentence.

ISSUE NO. 2: CREDIT FOR TIME SPENT ON PAROLE
Mr. Bancroft's argument that he should be given credit toward his sentence for time spent free under parole conditions is based in part on the following language from Parkerson v. Lynn, 556 So.2d 91, 95 (La.App. 1st Cir.1989), writ denied, 563 So.2d 1151 (La.1990):
As a review of the law has shown, a sentence is being served whenever the offender is in the physical or legal custody of the Department; an offender is in the legal custody of the Department when he is on probation or parole.
This statement, however, must be read in the context of the case. In Parkerson, the issue presented was whether persons who committed felonies while on parole or probation lost their eligibility to receive increased diminution of sentence (known as double good time) under La.R.S. 15:571.14[1] on the second felony conviction. That statute provided that "inmates who commit and are convicted of a felony while serving a sentence for a felony shall not be eligible to earn increased good time." (Emphasis added.) The Commissioner of the Nineteenth Judicial District Court ruled that two inmates on parole from felony convictions, who committed and were convicted of another felony while on parole, were still eligible for double good time. This court reversed that decision, ruling that the time the offender spends on parole is still a part of his sentence since he is in the legal custody of the Department of Corrections while on probation or parole. Parkerson v. Lynn, 556 So.2d at 95. This court also stated:
The purposes of parole and probation are for the rehabilitation of the criminal and are acts of grace to one convicted of a crime. See State v. Gordon, 214 La. 822, 38 So.2d 794, 796 (La.1949). Because parole and/or probation are less restrictive on the offender's freedom than penal incarceration, and are acts of grace to the offender, violation of parole and/or probation has consequences such as no entitlement to credit against the offender's sentence for the time spent on probation and/or parole.
556 So.2d at 95.
Clearly, there is no merit to Mr. Bancroft's argument that he is entitled to credit against his sentence for the time spent free under parole conditions.

ISSUE NO. 3: THE APPLICATION OF PAROLE PROVISIONS
Mr. Bancroft argues that because he was sentenced to eight years without benefit of parole, his early release under parole conditions amounts to his being subjected to a more onerous punishment than provided for by his sentence. We find this argument to be novel, yet meritless. We find that his release under parole conditions, after serving only four years of an eight year sentence, is a less onerous punishment than the alternative of serving out the full sentence. Additionally, we note that he was not released by parole, but rather by diminution of sentence with parole conditions. The distinction was pointed out in Howard v. Louisiana Board of *741 Probation and Parole, wherein this court stated:
The legislature clearly intended to distinguish between [parole and release because of diminution of sentence], as is apparent from the language in La.R.S. 15:571.5 A. to the effect that a prisoner released because of diminution of his sentence, shall be released "as if" on parole. There would obviously be no need for this provision if such a release was itself considered to be the same as parole. Furthermore, the language of La.R.S. 15:571.5 maintains this distinction throughout, consistently referring to an inmate's release pursuant to this provision as being "because of diminution of sentence" and never as being released on parole.
589 So.2d at 535.
Mr. Bancroft further argues that the provisions of his release should be governed by the law in effect at the time he entered into the good time credits program (March 3, 1988) rather than the law in effect at the time he was released under parole conditions (September 2, 1989). In Bickman v. Dees, 367 So.2d 283 (La.1978), a case relied upon by Mr. Bancroft in his brief, the Louisiana Supreme Court established that a change in law, providing that good time earned on a sentence prior to parole was forfeited when the parole was revoked, could only be applied to inmates paroled after the law was changed, and could not be applied retroactively to inmates paroled before the law was changed. The court in Bickman stated:
Applying these basic principles to the statute providing for forfeiture of good time earned on that portion of a sentence served prior to parole when parole is subsequently revoked, we conclude that a violation of the ex post facto prohibitions occurs when the statute operates against a person who was paroled prior to July 26, 1972, the effective date of Acts of 1972, No. 739, § 2. However, it is not an ex post facto law to apply the provision to inmates paroled thereafter. In those cases, at the time of parole, inmates were or are put on notice by the wording of the statute that should they violate a condition such that parole is revoked and they are returned to the institution, they will as a consequence thereof forfeit good time credit. Thus the date of parole, rather than the date of the commission of the offense, triggers the application of the forfeiture provisions. Cf. State v. Williams, 358 So.2d 943 (La. 1978); State v. Guidry, 169 La. 215, 124 So. 832 (1929); Lafave and Scott, Criminal Law § 12 (1969).
367 So.2d at 291.
Under the clear rationale of Bickman, the law in effect at the time of Mr. Bancroft's release governs the terms of Mr. Bancroft's release, rather than law in effect at the time of the commission of the offense or in effect at the time of his entry into the good time credits program.
Additionally, Mr. Bancroft argues that his entry into the good time credits program constituted a contract with the Department of Corrections which rendered him not subject to parole conditions under La.R.S. 15:571.5 upon his early release under diminution of sentence. However, we find that Mr. Bancroft's entry into the good time credits program was only an option he chose to exercise which resulted in his eligibility for early release. The accrual of those good time credits made him eligible for early release by diminution of sentence, provided that he agreed to the parole conditions mandated by La.R.S. 15:571.5 at the time of his release.

DECREE
Therefore, for the foregoing reasons, the decision of the trial court dismissing Mr. Bancroft's suit is affirmed. No costs are assessed in this prisoner's suit.
AFFIRMED.
NOTES
[1] We note that La.R.S. 15:571.14 was repealed by Acts 1991, No. 138, § 3, effective January 31, 1992.