928 So.2d 24 (2005)
Albert James MANUEL
v.
Richard L. STALDER, Murphy J. "Mike" Foster, and Henry L. Goins.
No. 2004 CA 1920.
Court of Appeal of Louisiana, First Circuit.
December 22, 2005.
*25 Albert James Manuel, Kinder, Plaintiff/Appellant In Proper Person.
William L. Kline, Baton Rouge, Counsel for Defendant/Appellee Richard Stalder.
Before: CARTER, C.J., WHIPPLE, GUIDRY, DOWNING, and GAIDRY, JJ.
GAIDRY, J.
This is an appeal from a trial court judgment dismissing a prisoner's suit for judicial review, assigning a strike, and assessing costs against him. We affirm in part and reverse in part.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Albert J. Manuel, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("Department"), filed a petition for judicial review of the administrative decision rendered on his Administrative Remedy Procedure Number ALC-01-0708. Manuel's complaint involves the Department's calculation of his sentence. The circumstances surrounding his complaint are as follows: Manuel was convicted and sentenced in 1986 to a total of fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. At the time he was sentenced, La. R.S. 15:571.14 was in effect. This statute gave eligible inmates the option of receiving "increased diminution of sentence for good behavior . . . in *26 lieu of incentive wages." Also in effect at that time was La. R.S. 15:571.5, which required, among other things, that any "person released because of diminution of sentence ... shall be supervised in the same manner and to the same extent as if he were released on parole." Manuel opted to receive double good time under La. R.S. 15:571.14, and was released in February 1994. By law, he was required to be under supervision until the full term date of his original sentence, May 13, 2001.
After his release, Manuel was arrested in November 2000 on a new felony he committed in 1999, and his parole was revoked in 2001 after he waived his revocation hearing. As a result of the revocation, he was required to serve the remainder of his original sentence due at the time of his release; i.e., approximately seven and a half years in addition to the new five-year sentence for the 1999 felony. Manuel disagreed with this computation and, after exhausting his administrative remedies, filed a petition for judicial review in the Nineteenth Judicial District Court.
In screening the petition in accordance with La. R.S. 15:1178, and 15:1184-88, the Commissioner[1] recommended that the court maintain the Department's decision to deny relief, dismiss the suit at Manuel's cost, and assess a strike against Manuel pursuant to the Prison Litigation Reform Act ("PLRA"), La. R.S. 15:1181-91.
Manuel filed a traversal to the Commissioner's report, after which the district court dismissed Manuel's suit for judicial review without prejudice at Manuel's cost and assigned a strike against him. Manuel subsequently filed this appeal, arguing that the trial court erred in not restoring his earned good-time credits; in retroactively applying newer, more onerous and burdensome versions of La. R.S. 15:571.14 and 15:571.4; in not restoring his original full-term sentence date; in not declaring La. R.S. 15:571.5 unconstitutional; and in assessing costs to him and assigning a strike against him.

DISCUSSION
In his first assignment of error, Manuel claims that he contracted with the State to forego incentive wages in favor of receiving double good-time credit, and that once he had earned these good-time credits, he could not lose them for any reason. As explained by the Commissioner, it is well-settled that a person released under parole supervision due to diminution of sentence and subsequently reincarcerated is not entitled to restoration of good time earned or accumulated prior to his release. See Howard v. Louisiana Board of Probation and Parole, 589 So.2d 534, 536 (La.App. 1 Cir.), writ denied, 590 So.2d 87 (La.1991).
Regarding Manuel's argument that the Department should have restored his original full-term sentence date upon his reincarceration, La. R.S. 15:571.5 provides that when an inmate released on parole due to diminution of sentence is reincarcerated for violating the terms of parole, the person "shall be recommitted to the [D]epartment for the remainder of the original full term." To use the original full-term sentence date, as Manuel has suggested, would require that Manuel receive credit against his sentence for the time spent free under parole supervision. *27 This court has held that an inmate whose conditional release was revoked upon his conviction for another felony was not entitled to credit against his sentence for time spent free under parole conditions. Bancroft v. Louisiana Dept. of Corrections, 93-1135 (La.App. 1 Cir. 4/8/94), 635 So.2d 738, 740.
Manuel's claim that La. R.S. 15:571.5 is unconstitutional as applied to him is based upon his belief that his release should not have been subject to parole supervision because his sentence provided that he was not eligible for parole, as well as his belief that he could not lose good-time credits once he earned them. Louisiana Revised Statutes 15:571.5, requiring Manuel's release to be subject to parole supervision, was in effect at the time of Manuel's conviction in 1986, release in 1994, and reincarceration in 2001. His early release under parole conditions was less onerous punishment than the alternative of serving out his full sentence, and therefore his argument that his rights were violated when he was subjected to parole supervision is meritless. Id. Furthermore, regarding his argument that he was deprived of his property without due process when his good-time credits were revoked, this court has held that the minimum requirements of due process are satisfied by the process required to revoke an inmate's release on parole supervision. Howard, 589 So.2d at 535-36.
Manuel also claims that newer, more onerous and burdensome versions of La. R.S. 15:571.4 and 571.14 were applied to him in violation of the ex post facto clauses of the Louisiana and United States Constitutions. Manuel claims that the version of La. R.S. 15:571.4 in effect at the time of the commission of his crime did not provide for forfeiture of all previously-earned good time upon revocation of parole; rather, it authorized a maximum loss of 180 days for any violation other than simple or aggravated escape. However, La. R.S. 15:571.4 is inapplicable to Manuel's situation. Louisiana Revised Statutes 15:571.4 is applicable to situations where a revocation of parole has occurred. In contrast, La. R.S. 15:571.5 applies to situations where a prisoner's early release because of diminution of sentence has been revoked. See Howard, 589 So.2d at 536 n. 2. Manuel's argument with regard to La. R.S. 15:571.14 is that the version of that statute in effect at the time of his sentencing should govern his good-time release, and he claims that version did not provide for parole supervision. However, La. R.S. 15:571.5 provided, at least since July 1, 1982, that any prisoner released due to diminution of sentence shall be released as if on parole. His argument that his "as if on parole" status is dependent upon the version of section 571.14 applied is meritless.
Manuel's final argument concerns the assignment of a strike and assessment of costs to him. Louisiana Revised Statutes 15:1187 provides for the assigning of strikes against a prisoner if he has brought a civil action or appeal in a state court that was dismissed on the grounds that it was frivolous, was malicious, failed to state a cause of action, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. However, the PLRA, when read in its entirety, is clear that it is intended to apply only to suits with respect to the conditions of confinement or the effects of actions by government officials on the lives of prisoners, but not to post-conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison. La. R.S. 15:1181(2). Therefore, the PLRA's strike provisions do not apply in this case because Manuel is challenging "the duration *28 of his custody and not a condition of his confinement." Frederick v. Ieyoub, 99-0616, p. 8 (La.App. 1 Cir. 5/12/00), 762 So.2d 144, 149-50, writ denied, 00-1811 (La.4/12/01), 789 So.2d 581. As such, the district court erred in assigning a strike against Manuel under the PLRA.
Manuel's argument concerning the assessment of costs is as follows:
the District Court imposed additional fees over and above those agreed upon in the Court's granting of Forma Pauperis status to petitioner. This clearly was erroneous for the District Court, through the Clerk of Court's office, to do this. As such, it must be reversed.
The district court judgment states that the suit is dismissed "at Plaintiff's cost." It is unclear what "additional fees" Manuel refers to, but we find no error in the trial court's assessment of costs to Manuel in this case.

DECREE
The judgment of the trial court dismissing Manuel's petition for judicial review without prejudice and assessing costs is affirmed. The portion of the judgment assigning a strike against Manuel is vacated. Costs of this appeal are assessed to plaintiff, Albert J. Manuel.
AFFIRMED IN PART; VACATED IN PART.
CARTER, J., concurs in part and dissents in part for reasons.
WHIPPLE, J., concurs in part and dissents in part for reasons assigned by C.J. CARTER.
CARTER, C.J., concurring in part and dissenting in part.
I respectfully concur in part and dissent in part. I submit that this court should convene en banc to overrule the portion of Frederick v. Ieyoub, 99-0616 (La.App. 1 Cir. 5/12/00), 762 So.2d 144, writ denied, 00-1811 (La.4/12/01), 789 So.2d 581, wherein a pro tempore panel of this court held that the sanction provision of the PLRA applies only to suits with respect to prison conditions or officials' actions affecting the lives of those confined in prison. Id., 762 So.2d at 150. I am of the opinion that the holding in Frederick is far too restrictive. The language of LSA-R.S. 15:1187, which provides for sanctions in the PLRA, is very broad. The statute applies to any "civil action or appeal of a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three or more prior occasions . . . brought an action or appeal in a state court that was dismissed on the grounds that it was frivolous, . . . ." (Emphasis added.) LSA-R.S. 15:1187. The only limitation in the provision deals with whether the prisoner is proceeding in forma pauperis.[1]
Manuel's suit was initiated in forma pauperis as a civil action seeking redress from a governmental entity, after exhausting the administrative remedy procedure. I believe that the sanction provision of the PLRA applies to all types of civil actions that a prisoner proceeding in forma pauperis could possibly bring, including time computation challenges and challenges to the constitutionality of time computation statutes. The purpose of the PLRA is to curtail baseless or nuisance suits by prisoners. Cheron v. LCS Corrections Services, *29 Inc., 04-0703 (La.1/19/05), 891 So.2d 1250, 1257. In my opinion, a prisoner who brings a frivolous lawsuit challenging well-settled time computations, as well as the constitutionality of a statute that has been repeatedly upheld, should be assessed a strike. Therefore, I would affirm the trial court's dismissal of Manuel's petition and the assessment of the strike and costs to Manuel.
For these reasons, I respectfully concur in part and dissent in part.
NOTES
[1] The office of the Commissioner of the Nineteenth Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5).
[1] See Bernard v. Louisiana Dept. of Public Safety and Corrections, 00-1912 (La.App. 1 Cir. 9/20/02), 843 So.2d 413, 414 n. 1 (on rehearing), writ denied, 02-2613 (La.1/9/04), 862 So.2d 975, for a similar analysis regarding another section of the PLRA. See also LSA-R.S. 15:1188 A and Ferrington v. Louisiana Bd. of Parole, 03-2093 (La.App. 1 Cir. 6/25/04), 886 So.2d 455, 457-59, writ denied, 04-2555 (La.6/24/05), 904 So.2d 741.