DERRICK L. WASHINGTON
v.
RICHARD L. STALDER, SECRETARY DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, DIVISION OF PROBATION AND PAROLE
No. 2008 CA 2393.
Court of Appeal of Louisiana, First Circuit.
October 8, 2009.
Not designated for Publication
DERRICK L. WASHINGTON, Winnfield, LA, Plaintiff-Appellant In Proper Person.
WILLIAM L. KLINE, Baton Rouge, LA, Attorney for Defendant-Appellee. Richard L. Stalder, Secretary Louisiana Department of Public Safety and Corrections, Division of Probation and Parole.
Before: PARRO, McCLENDON, and WELCH, JJ.
PARRO, J.
Derrick L. Washington, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a judgment affirming DPSCs final agency decision and dismissing the claims alleged in his petition for judicial review. For the following reasons, we affirm the judgment.

BACKGROUND
On June 20, 1995, Washington was sentenced to thirteen years for distribution of cocaine; on December 5, 1995, he was sentenced to an additional five years for possession of cocaine and aggravated battery. In 1996, he opted to receive "good time credit" against his sentence at the rate of thirty days credit for each thirty days served. On July 1, 2003, he was released after diminution of sentence for good behavior, pursuant to LSA-R.S.15:571.5, under the terms of which he was subject to supervision for the remainder of the original full term of his sentence. Several times while on release, Washington was incarcerated in various parish prisons for short periods, but apparently was never charged or convicted of any offenses. On May 17, 2006, he was arrested on charges of simple burglary, possession of drug paraphernalia, and resisting arrest, and was confined in the East Baton Rouge Parish Prison. These charges were dismissed by the East Baton Rouge Parish District Attorney in November 2006. However, while incarcerated on those charges, on October 17, 2006, a parole hold was put on him and he remained in custody. At a parole violation hearing on December 5, 2006, Washington pled guilty to violating his parole conditions and was returned to custody to serve the remainder of the original full term of his sentence, pursuant to LSR.S. 15:571.5(C). In accordance with LSA-R.S. 15:574.9(E), he was awarded certain credits against that sentence for time spent in jail while on release. DPSCs computation of the remainder of his sentence resulted in a new release date of April 29, 2015. His original release date had been June 16, 2012.
Washington filed an Administrative Remedy Procedure (ARP) at the prison where he was incarcerated, claiming he was due additional jail credit and credit for time served "as if on parole" while he was on release. His request was reviewed and denied at the first and second steps of the ARP. Having exhausted his administrative remedies, Washington filed a petition for judicial review in the Nineteenth Judicial District Court (19th JDC), in which he again claimed that his release date and jail credit had been incorrectly computed. DPSC answered the petition and provided a certified copy of the complete record of the ARP and documentation concerning Washington's incarcerations and the computations applied to his sentence. A commissioner at the 19th JDC reviewed the record and recommended to the district court judge that the DPSC decision be affirmed and Washington's petition dismissed. Washington timely filed a traversal of that recommendation, reiterating his arguments to the court. On January 1, 2008, a judgment was signed, affirming the DPSC decision and dismissing Washington's petition for judicial review, at his costs. This appeal followed.

APPLICABLE LAW
Louisiana Revised Statute 15:571.5, relative to supervision on release after diminution of sentence for good behavior, conditions of release, and revocation of such release, applies to all offenses committed on or after July 1, 1982. See 1981 La. Acts, No. 762, §§ 2 and 5. In pertinent part, LSA-R.S. 15:571.5 states:
A. (1) When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole.
* * *
B. (2) The person released because of diminution of sentence pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence. If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked.
C. If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term.[1]
Louisiana Revised Statute 15:574.9(E) further delineates the consequences of a parole revocation, as follows:
When the parole of a parolee has been revoked by the board for the violation of the conditions of parole, the parolee shall be returned to the physical custody of the Department of Public Safety and Corrections, office of corrections services, and serve the remainder of his sentence as of the date of his release on parole, subject to consideration by the board of any commutation of the sentence, and any diminution of sentence earned for good behavior while in the institution. The parolee shall be given credit for time served prior to the revocation hearing whether such time is served in a local detention facility, state institution, or out-of-state institution. The parolee shall not receive credit for such time served prior to the revocation hearing where the revocation is based on the subsequent conviction of a crime, in which case the parolee will receive credit for time served for the subsequent conviction pursuant to Code of Criminal Procedure Article 880.[2]

DISCUSSION
Washington presents three arguments[3] on appeal: (1) he should receive credit against his remaining sentence for the time he was on release; (2) he should be awarded additional jail credit for time in the East Baton Rouge Parish Prison prior to his revocation hearing; and (3) good time credit should be applied to his jail credit, thus doubling the credit for time served.

Credit for time on release
Citing jurisprudence in which parole is described as a release from prison before the completion of sentence on the condition that the prisoner abide by certain rules during the balance of the sentence, Washington alleges that the time he spent released from prison is a continued serving of his sentence, albeit in a different form. Therefore, he argues that when returned to custody after his parole violation, the computation of "the remainder of the original full term" of his sentence should include the time he spent released as if on parole.
This argument was made and rejected in the case of Bancroft v. Louisiana Dept. of Corrections, 93-1135 (La. App. 1st Cir. 4/8/94), 635 So.2d 738, 740, in which this court concluded that there was no merit to the inmate's argument that he was entitled to credit against his sentence for the time spent free under parole conditions. Washington attempts to distinguish Bancroft by the fact that Bancroft's parole was revoked due to conviction of a felony, whereas his parole was revoked due to the violation of parole terms or conditions. This is a distinction without a difference, because both LSA-R.S. 15:571.5(C) and 15:574.9(E) state that the penalty for parole revocation applies when a parole term or condition has been violated. The statutes do not say that the parole revocation has to be due to conviction of a felony in order for its provisions to apply. Additionally, LSA-R.S. 15:574.9(E) clarifies that the parolee whose parole has been revoked is to serve the remainder of his sentence "as of the date of his release on parole." Therefore, the time remaining on an inmate's sentence must be based on the date of his release, not on the date of his return to DPSC custody.[4]
We do not find these statutory provisions ambiguous, nor do we find that this court or DPSC has misinterpreted or misapplied these provisions in refusing to award credit against the remainder of an inmate's sentence for the time spent free under parole conditions. Therefore, Washington is not entitled to any credit against the remainder of his full sentence for the time during which he was on release. The district court correctly affirmed the DPSC decision on this issue.

Computation of jail credit
Washington also contends that his jail credit was not computed and awarded properly. The record contains a computer printout entitled `Time Computation & Jail Credits" (Time Computation), which shows that while released, he spent short periods of time in various jails, as follows: March 17-18, 2004; March 22-30, 2004; April 15, 2004; May 20-June 8, 2005; and September 7, 2005-January 9, 2006. The first step response to his ARP showed that he had been awarded 152 days of credit for these times that he was in custody.[5] These 152 days are shown on the Time Computation as "award credit." Therefore, it appears that Washington was awarded full credit for these short-term imprisonments.
However, the record is not as clear concerning the imprisonment in East Baton Rouge Parish from May 17, 2006, until December 5, 2006, when Washington's parole was revoked and he was ordered back to DPSC custody to serve the remainder of his sentence. He claims that he was improperly denied jail credit for May 17, 2006, until October 17, 2006, when the parole hold was put on him. The July 11, 2007 memorandum from the records specialist who prepared the first step response to the ARP provides the following explanation concerning this period:
As for your jail credit, according to probation and parole AND
[your] jail credit letter, the parole hold was NOT added until 10-17-2006. Therefore, you cannot have any jail credits before the date of the parole hold.
The Time Computation shows 49 days of "jail credit," which accords with the period from the date of the parole hold, October 17, 2006, until December 5, 2006. However, there is no credit for the period from May 17, 2006, until October 17, 2006, on the Time Computation. Washington was imprisoned in East Baton Rouge Parish during that time period on charges that were later dismissed, because he pled guilty to violating his parole conditions. The charges for which he was arrested on May 17, 2006, did not lead to a subsequent conviction of a crime, nor was his parole revocation based on a subsequent conviction of a crime. Therefore, the exception to jail credit "for such time served prior to the revocation hearing where the revocation is based on the subsequent conviction of a crime" does not apply to this period of imprisonment. See LSA-R.S. 15:574.9(E)(emphasis added).
Rather, LSA-R.S. 15:574.9(E) provides that the parolee shall be given credit for time served "prior to the revocation hearing." (Emphasis added). This language presupposes that the procedure for scheduling a revocation hearing has been initiated, as set forth in LSA-R.S. 15:574.7. According to that statute, if the chief probation and parole officer has reasonable cause to believe that a parolee has violated the conditions of parole, he is required to notify the parole board. LSA-R.S. 15:574.7(B)(1). After consideration of the parolee's record, the parole board has the option, among others, to order that the parolee be arrested and be given a pre-revocation hearing to determine whether there is probable cause to detain the parolee pending orders of the board. LSA-R.S. 15:574.7(B)(1)(c). Upon receiving a summary of the prerevocation proceeding, the parole board may order the parolee's return to the physical custody of DPSC to await a hearing to determine whether his parole should be revoked. LSA-R.S. 15:574(B)(2)(a). When a warrant for arrest is issued by the parole board or a detainer is issued by the parole officer, this action is generally described as a "parole hold." It is at this point in time that the running of the period of parole shall cease. See LSA-R.S. 15:574.9(C). Louisiana Revised Statute 15:574.9(E) mandates that credit be given for the time served by a parolee prior to the revocation hearing. In this case, based on the plea by Washington to the violation of his parole conditions, his parole was revoked on December 5, 2006. He was given credit for the time he was imprisoned from the date of the parole hold, October 17, 2006, until he entered his guilty plea and was returned to DPSC custody to serve the remainder of his original full sentence. We find no error in this computation of Washington's jail credit.

Application of good time credit
Finally, Washington contends that he is entitled to receive good time credit for the short periods of imprisonment during the time he was released as if on parole from DPSC custody. We reject that claim. Good time credit is provided by LSA-R.S. 15:571.3. Such credit applies to a prisoner "in a parish prison convicted of an offense and sentenced to imprisonment without hard labor," under LSA-R.S. 15:571.3(A)(1), or "in the custody of the department who has been convicted of a felony," under LSA-R.S. 15:571.3(B)(1). Washington's short periods of imprisonment were not the result of convictions. See McCormick v. Hunt, 328 So.2d 140, 141-42 (La. 1976) (court upheld statutory scheme that allowed good time credit for those imprisoned following conviction, but not for those who are held in parish prison while awaiting trial). Therefore, the good time statute does not apply to those periods of imprisonment.

CONCLUSION
We affirm the judgment of April 1, 2008, and assess all costs of this appeal to Washington.
AFFIRMED.
NOTES
[1] The current version of subsection C was enacted by 1991 La. Acts, No. 138, § 1. Section 4 of Act 138 indicates that its provisions became effective on February 1, 1992. Section 5 of Act 138 states that its provisions shall apply to persons sentenced on or after its effective date.
[2] This subsection was amended by 2001 La. Acts, No. 608, § 1. Section 2 of Act 608 states that its provisions shall apply to all persons in the custody of DPSC on its effective date, August 15, 2001.
[3] In several assignments of error, he also challenges the constitutionality of the applicable statutes and DPSC regulations interpreting and applying them, alleging vague violations of his rights to due process and equal protection under the law. These provisions have previously withstood such challenges, and this court will not revisit those arguments. See Frederick v. Ieyoub, 99-0616 (La. App. 1st Cir. 5/12/00), 762 So.2d 144, writ denied, 00-1811 (La. 4/12/01), 789 So.2d 581; State v. Lanaley, 95-1489 (La. 4/14/98), 711 So.2d 651.
[4] We note that Washington contends that because his release due to diminution of sentence was "as if on parole" under LSA-R.S. 15:571.5, the provisions of LSA-R.S. 15:574.9(E), which govern release "on parole," cannot be applied to him. However, he argues that LSA-R.S. 15:574.9(E) should be applied to award him additional jail credit. He cannot have it both wayseither the statute applies to him or it does not. We believe that in this context, a release "as if on parole" should be treated the same as a release "on parole."
[5] Although the first step response is not entirely clear about how this credit was computed, a memorandum to Washington dated July 11, 2007, from the records specialist who computed his credit shows that this credit was awarded as follows: March 17-18, 2004 (1 day); March 22-30, 2004 (8 days); May 20-June 8, 2005 (19 days); and September 7, 2005-January 9, 2006 (124 days), for a total of 152 days of "award credit." Apparently, the incarceration on April 15, 2004, was not included, probably because it was not a full day. The authority for such credit is also unclear from the record, although the August 30, 2007 first step response from the same records specialist cites DPSC Regulation B-04-001 and refers to this as "608 credit" or "flat credit." The computation or accuracy of this credit is not before us in this appeal.