PARRO, J.
12Barbaro Martinez, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a judgment that affirmed DPSC’s final decision in an administrative remedy procedure and dismissed his petition for judicial review of that decision. We affirm the judgment.
BACKGROUND
Martinez filed a petition for judicial review of the final agency decision of DPSC in Administrative Remedy Procedure (ARP) No. RCC 2009-242, in which he challenged DPSC’s computation of his “good time” eligibility. He contends that he signed a “Good Time Rate Option and Approval Form” on September 3, 1992, by which he opted to receive diminution of sentence, known as “good time,” at the rate of thirty days for every thirty days in actual custody, pursuant to LSA-R.S. 15:571.3.[2] By signing the agreement, Martinez also acknowledged that he might fail to earn good time through disciplinary actions.
At the time Martinez signed the agreement, forfeiture of good time could not exceed thirty days, which was the maximum number of days allowable for any one month of time served. See former LSA-R.S. 15:571.4(B)(3), as amended by Act 138. In 1995, LSA-R.S. 15:571.4(B) was amended to allow forfeiture of good time up to 180 days for each disciplinary violation. See 1995 La. Acts, No. 980, § 1. Following this amendment, Martinez incurred sanctions in numerous disciplinary actions for which DPSC imposed forfeitures of more than 30 days per incident. On May 17, 2009, Martinez requested an ARP, pursuant to LSA-R.S. 15:1171, contending that DPSC’s retroactive application of the amended good time provisions constituted a breach of contract and an unconstitutional ex post facto application of law, because the forfeiture of more than thirty days of good time credit per incident exceeded the maximum sanction that could *1084 have been imposed when he signed the agreement in 1992.
1 sDPSC reviewed his ARP according to the procedures provided by law and denied his request for relief at each step. Martinez then filed his petition for judicial review in the Nineteenth Judicial District Court (19th JDC); it was assigned to a commissioner for evaluation and to make a recommendation to the district court judge.[3] DPSC filed a response to his petition and attached the entire administrative record. The commissioner reviewed the record and determined that, based on applicable law, the DPSC decision should be affirmed and Martinez’s petition for judicial review should be dismissed. On February 8, 2011, after a de novo review of the record and the commissioner’s recommendation, the district court judge signed a judgment incorporating the commissioner’s recommendation. Martinez then appealed to this court,[4] presenting the same arguments concerning breach of contract and unconstitutional ex post facto application of the law.
DISCUSSION
As noted by the commissioner in his report to the district court judge, this court has previously addressed and answered the question of whether Martinez’s entry into the good time credits program constituted a contract with DPSC that could not be subsequently altered by legislative changes. See Bancroft v. Louisiana Dep’t of Corr., 93-1135 (La.App. 1st Cir.4/8/94), 635 So.2d 738, 741. In Bancroft, the inmate argued that entry into the good time credits program constituted a contract with DPSC, such that he was not subject to parole conditions under later-enacted LSA-R.S. 15:571.5 upon his early release under diminution of sentence. Citing State ex rel. Bickman v. Dees, 367 So.2d 283, 291 (La.1978), this court held that the law in effect at the time of the inmate’s release governs the terms of his release, rather than the law in effect at the time of the commission of the offense or in effect at the time of his entry into the good time credits program. Bancroft, 635 So.2d at 741. The supreme 14court had stated in the Bickman case, which dealt with a parole situation, that when the provisions of law have changed before the inmate’s release on parole, then:
inmates were or are put on notice by the wording of the statute that should they violate a condition such that parole is revoked and they are returned to the institution, they will as a consequence thereof forfeit good time credit. Thus the date of parole, rather than the date of the commission of the offense, triggers the application of the forfeiture provisions.
Bickman, 367 So.2d at 291. Similarly, Martinez was put on notice by the amended wording of LSA-R.S. 15:571.4 that if he violated prison rules and was disciplined with a forfeiture of good time credits, the forfeiture provisions in effect at the time of his violation would apply. See also Kozlowicz v. State, Dep’t of Pub. Safety & Corr., 08-1806 (La.App. 1st Cir.3/27/09), 9 So.3d 1000, 1007. Based on this analysis, we conclude that application of the amended good time forfeiture provisions in this case was not a breach of contract.
For the same reason, the application of the amended good time forfeiture provisions does not violate the constitu *1085 tional prohibition of ex post facto application of laws. Article I, § 10 of the United States Constitution and Article I, § 28 of the Louisiana Constitution prohibit applying criminal laws ex post facto. In Williams v. Creed, 07-0614 (La.App. 1st Cir.12/21/07), 978 So.2d 419, 425, writ denied, 08-0438 (La.10/2/09), 18 So.3d 111, this court discussed the analysis to be used when evaluating a claim of an ex post facto violation, stating:
After [State ex rel. Olivieri v. State, 00-0172 (La.2/21/01), 779 So.2d 735, cert. denied, 533 U.S. 936, 121 S.Ct. 2566, 150 L.Ed.2d 730 (2001)], the only relevant issues regarding a legislative change are “whether any such change alters the definition of criminal conduct or increases the penalty by which the crime is punishable.” Olivieri, 779 So.2d at 744. In other words, in a post-sentence context, once a sentence has been imposed on a defendant, any change in the law that later occurs cannot be applied to that defendant to increase that sentence or penalty. Anything other than or less than this is not protected by the ex post facto clauses in the United States and Louisiana Constitutions.
In the matter before us, as in Williams, the definition of the criminal conduct committed by Martinez was not changed by the amendment to the good time forfeiture statute that occurred after he committed the crimes for which he was convicted and sentenced. RNor did the application of the amended versions of the good time forfeiture law increase the penalty by which his crime was punishable. Therefore, the application of the amended good time forfeiture provisions to Martinez did not violate the ex post facto provisions of the Louisiana and United States Constitutions.
CONCLUSION
Based on the above analysis, we affirm the February 8, 2011 judgment of the district court. All costs of this appeal are assessed to Barbaro Martinez.
AFFIRMED.

. The computation of "good time” credit is set out in LSA-R.S. 15:571.3, which has been amended numerous times since its enactment. One of those amendments, 1991 La. Acts, No. 138, § 1 (Act 138), effective January 31, 1992, provided that prisoners could earn diminution of sentence, to be known as "good time,” at the rate of thirty days of good time for each thirty days served in actual custody.

. The office of commissioner of the 19th JDC was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The commissioner’s written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. LSA-R.S. 13:713(0(5).

. See LSA-R.S. 15:1177(A)(10).