NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0905

JAMES COLEMAN

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment rendered: **MAY 2 8 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C669857, Sec. 21

The Honorable Janice Clark, Judge Presiding

* * * * *

James Coleman DOC #214322
Dixon Correctional Center
Jackson, Louisiana

Plaintiff/Appellant
In Proper Person


Elizabeth B. Desselle
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

* * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**HOLDRIDGE, J.**

In this appeal, an inmate in the custody of the Department of Public Safety and Corrections (the Department) at Dixon Correctional Center challenges a district court judgment dismissing his petition for judicial review. For the following reasons, we affirm the district court's judgment.

## FACTUAL AND PROCEDURAL HISTORY

The plaintiff, James Coleman, is an inmate sentenced to the custody of the Department. In 1992, the plaintiff was convicted of armed robbery and was sentenced to forty years at hard labor without the benefit of probation or parole. In 2005, the plaintiff signed a "Good Time Rate Option and Approval Form," wherein he relinquished his incentive wages in lieu of earning good time credits. As a result of his election to receive good time credits, the plaintiff was released from prison to good time parole supervision from April 9, 2011 until October 6, 2031, in accordance with La. R.S. 15:571.3.[1] On October 11, 2016, the plaintiff's parole was revoked, as provided by La. R.S. 15:574.10,[2] because of two new felony convictions. On October 4, 2017, the plaintiff was sentenced to ten years imprisonment at hard labor consecutive for one count and ten years at hard labor to run concurrent with credit for time served for count two. When calculating the

---

[1] At the time the plaintiff committed his crime, La. R.S. 15:571.3, as then enacted, provided for good time eligibility to "[e]very inmate in the custody of the department who has been convicted of a felony and sentenced to imprisonment for a stated number of years or months." 1991 La. Acts No. 138; La. R.S. 15:571.3(B)(1) (1991). In 2006, the Legislature amended La. R.S. 15:571.3 with its enactment of La. Acts No. 572. See **Massey v. Louisiana Dept. of Public Safety & Corrections**, 13-2789 (La. 10/15/14), 149 So.3d 780, 782.

[2] Louisiana Revised Statutes 15:574.10 states, in pertinent part:

> When a person is convicted in this state of a felony committed while on parole or is convicted under the laws of any other state or of the United States or any foreign government or country of an offense committed while on parole, and which if committed in this state would be a felony, his parole shall be deemed revoked as of the date of the commission of the felony or such offense under the laws of the other jurisdiction.

plaintiff's time for his new felony sentences, the Department did not apply a credit for good time served prior to his parole violation.

In light of the Department's calculation, the plaintiff filed an Administrative Remedy Procedure complaint No. ARDC-2017-605, seeking review in accordance with La. R.S. 15:1171, *et seq.* The plaintiff requested that his time be recalculated to include the amount of credit he earned prior to his parole violation. The plaintiff further requested that the good time incentive wages that he previously forfeited be reapplied. On January 22, 2018, the Department rejected his request, stating, in pertinent part:

> [Y]our parole docket 55531 was revoked on 10/11/2016 because of 2 new felony convictions. Your parole balance at the time of revocation was 20 years 5 months and 27 days. You were given 1374 days of Act 792 street credits from your parole date 4/9/2011 until your parole warrant date 11/12/2015. You were given 636 days of jail credit from your arrest date 1/14/2015 until your revocation date 10/11/2016. You were given 1 day of awarded credit. Your good time rate calculation for docket 55531 is at .50 Act 138.
>
> You were sentenced on 10/11/2016 for LIN docket 67155-10 years hard labor consecutive and on 10/04/2017 BNV docket 47322-10 years hard labor concurrent with credit for time served. Your current good time date 11/23/2026 and your full[-]term date is 10/04/2041. Both dockets 47322 and 67155 qualified for Act 280.
>
> Your time calculation is correct: therefore, no adjustments were made to your master prison record rapsheet.
>
> Your request for previously forfeited incentive wages is DENIED in that you stated in your grievance that you agreed to receive good time in lieu of incentive wages.

Subsequently, the plaintiff submitted a second request for administrative remedy, alleging that his good time credit was forfeited illegally. On March 14, 2018, the Department denied his second request, stating that the plaintiff's argument was misguided because he "was released by good time parole supervision and not regular parole. Act 762 of 1981[3] mandates all offenders

---

[3] Louisiana Revised Statutes 15:571.5 was originally enacted by 1981 La. Acts, No. 762, § 1, effective July 1, 1982. From its inception, La. R.S. 15:571.5 required that any inmate that was

earning good time must release under supervision as if on parole. [The plaintiff's] good time earned was for the purpose of an early release[,] and the [plaintiff] used that good time to obtain that release."

On May 30, 2018, the plaintiff field a petition for judicial review with the Nineteenth Judicial District Court, and it was assigned to a commissioner for evaluation and to make a recommendation to the district court.[4] The Department filed an answer to the plaintiff's petition and attached the entire administrative record. The commissioner reviewed the record and determined that the plaintiff's request should be denied, and his petition for judicial review should be dismissed. On May 22, 2019, the plaintiff filed a traverse opposing the commissioner's recommendation. On May 31, 2019, after a *de novo* review of the record, the district court signed a judgment that adopted the commissioner's report as its reasons, affirmed the Department's decision, and dismissed the plaintiff's claim with prejudice. From this judgment, the plaintiff appeals.

## STANDARD OF REVIEW

Under the Corrections Administrative Remedy Procedure, La. R.S. 15:1171, *et seq.*, judicial review of an adverse decision by the Department is available pursuant to La. R.S. 15:1177. The district court may reverse or modify the Department's decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess

---

released early because of good time was to be released under supervision, in the "same manner and to the same extent as if released on parole" for the remainder of the full term of his original sentence. This form of parole is commonly referred to as "good time parole supervision." **Wallace v. LeBlanc**, 17-1551 (La. App. 1 Cir. 6/21/18), 255 So.3d 613, 616, writ denied, 18-1322 (La. 5/28/19), 273 So.3d 312.

[4] The office of commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); **Abbott v. LeBlanc**, 12-1476 (La. App. 1 Cir. 3/25/13), 115 So.3d 504, 505 n.1.

of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) arbitrary, capricious, or characterized by an abuse of discretion; or (f) manifestly erroneous. La. R.S. 15:1177(A)(9). Once a final judgment is rendered by the district court, an aggrieved party may seek review by appeal to the appropriate appellate court. La. R.S. 15:1177(A)(10). On review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court. See **Williams v. Louisiana Department of Public Safety and Corrections**, 18-0268 (La. App. 1 Cir. 9/21/18), 257 So.3d 690, 692-93.

## DISCUSSION

The plaintiff argues on appeal[5] that the Department improperly computed his good time credits when calculating his sentence. Specifically, the plaintiff argues that the Department erred in not applying his good time credits previously earned to his master prison record. The plaintiff further argues that the Department erred in not awarding him incentive wages. In sum, the plaintiff argues that he contracted with the State to forego incentive wages in favor of receiving double good-time credit, and that once he had earned these good-time credits, he could not lose them for any reason. See **Manuel v. Stalder**, 2004-1920 (La. App. 1 Cir. 12/22/05), 928 So.2d 24, 26.

After a thorough review of the record, the plaintiff's brief, and the commissioner's recommendation, it is apparent that the plaintiff's claim has no

---

[5] The plaintiff's pro se brief list no assignments of error, but rather, contains numerous "Statement of Issues." See Uniform Rules—Courts of Appeal, Rule 2-12.4. Although Uniform Rules—Courts of Appeal, Rule 1-3, states that this Court will review only issues "which are contained in specifications or assignments of error," because the plaintiff's pro se brief was timely filed, the plaintiff's complaints have been grouped and briefly reviewed, along with the record, for any discernable arguments. The only "Statement of Issues" that the plaintiff briefed is whether the district court committed a legal error in not applying good time credit towards his sentence. Because the plaintiff failed to properly brief the remaining "Statement of Issues", these issues are deemed to be abandoned. See Uniform Rules—Courts of Appeal, Rule 2-12.4 (B)(4). See also **Louisiana Commerce & Trade Ass'n, SIF v. Williams**, 14-1680 (La. App. 1 Cir. 6/5/15), 174 So.3d 696, 699 ("We may consider as abandoned any assignment of error or issue for review which has not been briefed.").

merit. Therefore, we agree with the commissioner's recommendation (attached in pertinent part as Appendix "A") and find that the report adequately explains our decision as to the plaintiff's appeal because it contains an excellent analysis of the applicable law pertaining to the plaintiff's claim.

## CONCLUSION

After a review of the record, we find no error in the district court's judgment dismissing the plaintiff's claim, with prejudice. Accordingly, the May 31, 2019 judgment of the district court is affirmed. No costs are assessed in this pauper suit.

**AFFIRMED.**

## APPENDIX "A"

The [plaintiff] was not granted parole by the Board of Parole, he was released onto good time parole supervision by operation of law ([La.] R.S. 15:571.3) after serving half of his 40 year sentence pursuant to Act 138. [La.] R.S. 15:571.3, not [La.] R.S. 15:571.4, controls good time forfeiture for those released onto good time supervision pursuant to [La.] R.S. 15:571.3. This statute has been amended a number of times since the [plaintiff's] date of commission, original conviction and sentence, and revocation. Through all of these amendments, offenders released onto good time parole supervision pursuant to [La.] R.S. 15:571.3 would be recommitted to the custody of the Department after revocation to serve the remainder of the original full term.

### R.S. 15:571.5(C) effective until January 1, 1992

Upon revocation of the person's release upon diminution of sentence by the parole board, the person shall be recommitted to the Department ... for the remainder of the original full term. No further diminution of sentence shall be allowed.

### R.S. 45:571.5(C) effective January 1, 1992 per Act 138

If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the [D]epartment for the remainder of the original full term.

**R.S. 1571.5(C) current law after the passage of Act 792 in 2010**

If such person's parole is revoked by the parole committee for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term, subject to credit for time served for good behavior while on parole.

If the law in effect at the time of commission of the [plaintiff's] offense were applied, the [plaintiff] would still lose all good time earned prior to his release onto good time parole supervision, and he would return to the custody of the Department owing the balance of his sentence without the ability to earn good time for the duration of the sentence owed. This restriction on the ability to earn good time when returned to the custody of the Department was removed with the passage of Act 139 in 1991. The [plaintiff] also benefited from the passage of Act 792 by the 2010 Regular Legislative Session when the legislature decided to allow offenders revoked after August 2010 to earn "street credits" for time served while on good time parole supervision. By applying the law in effect as of the date of commission as argued by the [plaintiff], he would have been revoked and recommitted to the custody of the Department, forfeited all good time earned prior to his release onto good time parole supervision, lost the ability to earn good time for the duration of his sentence, and not credited with 1374 days street credits for the time spent on good time parole supervision.

This Court's review is limited to the administrative record and the petition for judicial review. The burden of proof in any civil administrative appeal is with the [plaintiff]. The [plaintiff] fails to provide any evidence that the Department's decision in ARP No. ARDC-2017-605 was arbitrary, capricious, manifestly erroneous, or in violation of his statutory or constitutional rights. The provisions of [La.] R.S. 15:571.5 have been clear since the [plaintiff's] 1991 date of commission that all good time earned by an offender prior to his/her release onto good time parole supervision shall be forfeited, and he/she shall be recommitted to

7

the custody of the Department upon revocation to serve his/her remaining sentence. The [plaintiff's] reliance on [La.] R.S. 15:571.4 is misguided in that this statute pertains to those offenders granted release onto parole by the Board of Parole. The [plaintiff] was not granted his release by the Board of Parole by operation of law pursuant to [La.] R.S. 15:571.3. Without additional evidence in support of his claim, this Court should affirm the Department's second step response and dismiss the [plaintiff's] appeal with prejudice and at the [plaintiff's] costs.

Should the Court agree with this analysis, my formal recommendation follows.

## COMMISIONER'S RECOMENDATION

Having carefully reviewed the administrative record herein, and the law applicable, it is the recommendation of this Commissioner that the Department's decision to deny the [plaintiff's] request for administrative remedy in **ARP No. ARDC-2017-605** was neither arbitrary, capricious, manifestly erroneous, nor was it in violation of the [plaintiff's] statutory or constitutional rights. Therefore, I recommend that the Department's decision should be affirmed, thereby dismissing this appeal with prejudice at the [plaintiff's] costs. (Footnotes omitted.)