696 So.2d 650 (1997)
Glen TAUZIER
v.
Warden Burl CAIN, et al.
No. 96 CA 1934.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
*651 Glen Tauzier, Metairie, Plaintiff-Appellant, pro se.
Roxie F. Goynes-Clark, Baton Rouge, for Defendant-Appellee.
Before SHORTESS and FITZSIMMONS, JJ., and TYSON,[1] J. Pro Tem.
SHORTESS, Judge.
On May 19, 1980, Glen Tauzier (plaintiff) was sentenced to three consecutive fifty-year sentences for the attempted murder of three sheriff's deputies on September 6, 1979. Those sentences were subsequently set aside, and on October 2, 1990, plaintiff was resentenced to three concurrent thirty-year sentences. He then opted to receive double good-time credit pursuant to the version of Louisiana Revised Statute 15:571.14 enacted by Act 376 of 1988. Subsection 11 of that statute provides: "All other inmates released under the provisions of this Section shall be released as if on parole, in accordance with R.S. 15:571.5."
Plaintiff learned his scheduled release was to be "as if on parole." He filed an administrative remedy procedure seeking to correct his master prison record to delete the requirement of parole supervision. He contended the parole supervision provisions of Revised Statute 15:571.5 did not apply to him because section 2 of Acts 1981, No. 762, which enacted that statute, provided the act applied only to offenses committed on or after its effective date, July 1, 1982.
The response at all three steps of the administrative procedure was the same, i.e., that since he opted for double good-time credit under Act 376, he was bound by the provision of subsection 11 that his release be as if on parole. His petition for judicial review[2] met with the same response from the commissioner and the district court. On October 16, 1996, plaintiff was released as if on parole. He appeals to this court seeking release from parole supervision.
We agree with the trial court that plaintiff is bound by the provision of Act 376 that his release be as if on parole. It is clear from the language of Act 376, section 11, that the legislature intended for all inmates who were eligible for and who chose to enter the good-time-credit program to be released as if on parole. The phrase "in accordance with R.S. 15:571.5" refers to the parole conditions set forth in that statute. The legislature clearly intended for those parole conditions to apply to all inmates who qualified for diminution of sentence under Act 376, and not just those who committed offenses after July 1, 1982.
Plaintiff contends his early release under parole supervision is a violation of the ex post facto prohibitions of the Louisiana *652 and United States Constitutions. This same argument was made and rejected in Bancroft v. Louisiana Department of Corrections,[3] wherein the argument was termed "novel, yet meritless." As the Bancroft court noted, serving only part of a sentence and then being released under supervision is a less onerous punishment than the alternative of serving the full sentence.
While we agree with the trial court's interpretation of the statute, we are concerned that another issue raised by plaintiff has never been addressed, either at the administrative level or by the trial court.[4] Plaintiff alleged in his second-step request for relief that another inmate, Gregory Wheeler, who was also convicted of an offense occurring in 1979, was released without parole supervision. He further alleged that his brother, Ronald Gilbert Tauzier, who was convicted of attempted murder of the same three deputies as plaintiff and who was serving the same sentence, was released without parole supervision. He cited departmental regulation number 30-9, section 11(G), which states: "Inmates who are sentenced to the Department of crimes committed on or after July 1, 1982, shall be released by diminution of sentence as if on parole," implying that those who committed crimes before July 1, 1982, would be released without supervision. Finally, he pointed to an article in The Angolite, a magazine published by Angola inmates, in which the Department of Public Safety and Correction's resident-time-computations supervisor is quoted as stating persons resentenced after July 1, 1982, for crimes committed before July 1, 1982, would not be subject to mandatory parole supervision.
Plaintiff has raised an issue of whether he has received equal protection under the Fourteenth Amendment of the United States Constitution and article I, section 3, of the Louisiana Constitution. This question needs to be addressed. For this reason, we remand this case to the trial court and order the commissioner to conduct a hearing to fully develop this issue and ascertain whether plaintiff's right to equal protection under the law has been violated.
REMANDED.
FITZSIMMONS, J., concurs and assigns reasons.
FITZSIMMONS, Judge, concurring.
I respectfully concur in the result. The majority correctly interprets La.R.S. 15:571.14 to retain the requirement that release due to diminution of sentence be subject to parole.
NOTES
[1] Judge Ralph E. Tyson of the Nineteenth Judicial District Court is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The caption for petition for judicial review names "Warden Burl Cain, et al." as defendants; however, Cain is the only defendant listed in the "Parties" section of the petition.
[3] 93-1135 (La.App. 1st Cir. 4/8/94), 635 So.2d 738, 740.
[4] Neither was the issue addressed in defendant's brief. Although this court ordered the parties to submit briefs, defendant's counsel submitted a letter declining to do so.