PENZATO, J.
Appellant, Charles Ray Wallace, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), housed at Winn Correctional Center in Winnfield, Louisiana, appeals a judgment of the district court that affirmed the decision of DPSC and dismissed his petition for judicial review with prejudice.[1] Based on our review of the record, we affirm the district court's judgment.
FACTS AND PROCEDURAL HISTORY
Mr. Wallace filed a petition for judicial review in the Nineteenth Judicial District Court (19th JDC) seeking review of ARP No. WNC-2013-1134 in accordance with the Louisiana Corrections Administrative Remedy Procedure ("CARP"), La. R.S. 15:1171 et seq. Mr. Wallace was arrested on October 21, 1986, the same date he committed the offenses of armed robbery and attempted second-degree murder. He was initially sentenced on February 20, 1987, to hard labor for forty years for armed robbery and thirty years for attempted second-degree murder, to run concurrently. He was released from prison on January 17, 2009, after receiving a dimunition of sentence, commonly known as good time.[2] Mr. Wallace was rearrested on April 25, 2012, for aggravated battery, pled *615 guilty, and was sentenced to seven years. That sentence was to run concurrently with the remaining fourteen years of his previous sentence. Mr. Wallace claims that when he originally was released from prison in 2009, he should not have been required to be under parole supervision. He also claims that he was entitled to earn good time at a rate of sixty days for every thirty days, and therefore, he should have originally been released from custody a decade before he was released on January 17, 2009. Mr. Wallace asserts that his good time was miscalculated and that he is entitled to immediate release.
Mr. Wallace filed his request for administrative relief pursuant to CARP.[3] The request was denied on November 25, 2013. At the first step of the CARP process, Mr. Wallace was told that on January 17, 2009, he was properly released under good time parole supervision in accordance with 1981 La. Acts, No. 762, § 1, effective July 1, 1982, enacting La. R.S. 15:571.5. He was further told that he was not entitled to sixty days of good time for every thirty days just because he had concurrent sentences. Therefore, DPSC determined that Mr. Wallace was correctly placed on good time parole supervision and his good time computation were correctly calculated. At the second step, his request was again denied.
Mr. Wallace filed a petition for judicial review in the district court. The 19th JDC Commissioner[4] (Commissioner) issued a recommendation that the final administrative decision be affirmed to deny relief and that the suit be dismissed with prejudice. In a judgment signed on July 18, 2017, the district court adopted the recommendation of the Commissioner after considering the administrative record, the Commissioner's Report, and the traversal filed by Mr. Wallace. It is from this judgment that Mr. Wallace appeals.
LAW AND DISCUSSION
Louisiana Revised Statute 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing DPSC's administrative decisions. Judicial review is mandated to be conducted by the trial court without a jury and must be confined to the record. La. R.S. 15:1177(A)(5). Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9) ; Lightfoot v. Stalder, 2000-1120 (La. App. 1st Cir. 6/22/01), 808 So.2d 710, 715-716, writ denied, 2001-2295 (La. 8/30/02), 823 So.2d 957.
*616 On review of the district court's judgment under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. McCoy v. Stalder, 99-1747 (La. App. 1st Cir. 9/22/00), 770 So.2d 447, 450-51.
Mr. Wallace claims on appeal that he should not have been released on January 17, 2009, under parole supervision, and that he should have been credited with sixty days for every thirty days served. As noted by the Commissioner, Mr. Wallace is questioning DPSC's authority to require parole supervision pursuant to La. R.S. 15:571.5. Mr. Wallace asserts that the good time statute applicable to his sentence is 1987 La. Acts, No. 848, § 1, effective January 1, 1988, which added La. R.S. 15:571.14(8) (currently incorporated into La. R.S. 15:571.3 ),[5] and that because it said nothing about release on parole supervision, DPSC was required to release him without supervision in 2009, his good time release date. Act 848 added paragraph (8),[6] which stated:
Only inmates sentenced to the custody of the [DPSC] on or after July 1, 1982, and otherwise eligible for dimunition of sentence, shall be eligible to receive increased dimunition of sentence as provided for herein.
In this matter, the Commissioner noted that Louisiana has been statutorily authorizing good time for decades. See La. R.S. 15:571.3. Prior to 1977, La. R.S. 15:571.4 authorized the DPSC to award up to twenty-five days per month to qualified inmates. Louisiana Revised Statute 15:571.4 was amended by 1977 La. Acts, No. 665, § 1, allowing inmates whose crimes were committed after September 9, 1977, to earn twenty-five days per month, while allowing inmates whose crimes were committed after that date to earn only fifteen days per month. Because there is no constitutional right to earn good time, the legislative changes are presumed valid unless there was no conceivable reasonable basis for the disparity. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979) ; McGowan v. Maryland, 366 U.S. 420, 425-26, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).
Louisiana Revised Statute 15:571.5 was originally enacted by 1981 La. Acts, No. 762, § 1, effective July 1, 1982. From its inception, La. R.S. 15:571.5 required that any inmate that was released early because of good time was to be released under supervision, in the "same manner and to the same extent as if released on parole" for the remainder of the full term of his original sentence. (Emphasis added). This form of parole is commonly referred to as "good time parole supervision."
Louisiana Revised Statute 15:571.5, as it read in 1986, stated, in pertinent part:
A. When a prisoner committed to the Department of Public Safety and Corrections is released because of dimunition of sentence pursuant to this Part, he shall be released as if released on parole.
* * *
B. The person released because of diminution of sentence ... shall be *617 supervised in the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence .... (Emphasis added).
Although the above statute has been amended since 1986, neither the language quoted nor the requirement for parole supervision has been altered. Mr. Wallace committed the armed robbery and attempted second degree murder on October 21, 1986. Good time credits are to be determined by the law in effect at the time of the commission of the offense. Massey v. Louisiana Dep't of Pub. Safety & Corr., 2013-2789 (La. 10/15/14), 149 So.3d 780, 783-86. In 1986, when Mr. Wallace committed the crimes (and currently), La. R.S. 15:571.5 required inmates released on good time credits to be supervised, and if parole was revoked, the inmate was required to serve the balance of his term.
The statute relied upon by Mr. Wallace, La. R.S. 15:571.14 was originally enacted by 1986 La. Acts, No. 299, § 1, effective August 30, 1986, which authorized what is commonly referred to as "double good time." It allowed DPSC to award good time credit for most inmates of thirty days credit for every thirty days served, while other inmates earned fifty days for every thirty days served.[7] This disparate treatment of inmates was the result of different good time laws applicable to different inmates, based on sentencing dates. When Act 848 added subsection (8) to La. R.S. 15:571.14, it applied the double good time law retroactively to all inmates sentenced after July 1, 1982, which included Mr. Wallace. See Cox v. Whitley, 612 So.2d 158, 159-60 (La. App. 1st Cir. 1992), writ denied, 613 So.2d 1001 (La. 1993).
We find nothing contradictory or ambiguous in Act 848 (double good time retroactivity) and Act 762 (requiring parole supervision for inmates released on good time parole). The jurisprudence is clear that an inmate does not have a constitutional or inherent right to a conditional release from incarceration prior to the expiration of a valid sentence. Bancroft v. Louisiana Dep't of Corrections, 93-1135 (La. App. 1st Cir. 4/8/94), 635 So.2d 738, 739-40. In discussing double good time provided for in La. R.S. 15:571.14, this court stated:
It is clear ... that the legislature intended for all inmates who were eligible for and who chose to enter the good-time-credit program to be released as if on parole. The phrase "in accordance with R.S. 15:571.5" refers to the parole conditions set forth in that statute. The legislature clearly intended for those parole conditions to apply to all inmates who qualified for diminution of sentence ....
Tauzier v. Cain, 96-1934 (La. App. 1st Cir. 6/20/97), 696 So.2d 650, 651 (emphasis in original).
We previously stated in Menne v. Kennedy, 2011-2255 (La. App. 1st Cir. 6/11/12), 2012 WL 2089515 at *2,
This court has previously upheld the constitutionality of La. R.S. 15:571.5 and has rejected many of the arguments made by [defendant] herein. See Frederick v. Ieyoub, 99-0616 (La. App. 1st Cir. 5/12/00), 762 So.2d 144, writ denied, 2000-1811 (La. 4/12/01), 789 So.2d 581 (rejecting substantive due process and *618 equal protection challenges to La. R.S. 15:571.5 ); State v. Duncan, 98-1730 (La. App. 1st Cir. 6/25/99), 738 So.2d 706, 709-710 (holding that loss of previously earned good time credit does not constitute multiple punishment for the same offense and therefore does not constitute double jeopardy); Tauzier v. Cain, 96-1934 (La. App. 1st Cir. 6/20/97), 696 So.2d 650 (rejecting ex post facto challenge to La. R.S. 15:571.5 ); and Bancroft v. Louisiana Department of Corrections, 93-1135 (La. App. 1st Cir. 4/8/94), 635 So.2d 738, 740 (rejecting arguments of duress, ex post facto violation and breach of contract). Bancroft, held that the granting of conditional release under diminution of sentence was the exercise of a lawful act as provided for in La. R.S. 15:571.5, and therefore cannot constitute duress. Id.
When Mr. Wallace committed his crimes in 1986, 1977 La. Acts, No. 665, § 1, La. R.S. 571.4(C) was in effect and provided for the earning of fifteen days of good time for every thirty days in custody if the act was committed on or after September 9, 1977. On January 1, 1988, Mr. Wallace signed a Good Time Option and Approval Form to receive good time at the rate of thirty days for every thirty days in custody, which made him eligible to receive good time under Act 848.
Act 848 provided double good time to inmates sentenced or resentenced on or after July 1, 1982, with no supervision if the crime was committed before July 1, 1982. Act 848 became effective January 1, 1988, but was to be retroactively applied to all inmates sentenced after July 1, 1982. Mr. Wallace committed his offense on October 21, 1986 and was sentenced on February 20, 1987. Therefore, when he was released under good time parole supervision on January 17, 2009, it was pursuant to Act 848.
When Mr. Wallace's parole was revoked and he returned to the custody of DPSC on May 13, 2013, he returned under 1991 La. Acts, No. 138, § 1, effective January 1, 1992; La. R.S. 15:571.3, which provided the earning of thirty days good time for every thirty days in custody if sentenced or resentenced on or after January 1, 1992. Based on the record, we find no miscalculation on the part of DPSC as to the good time of Mr. Wallace.
Mr. Wallace further claims that his good time was calculated incorrectly and that double good time equals sixty days for every thirty days of incarceration. Neither Act 848 nor Act 138 provides for such a calculation.
CONCLUSION
For the above and foregoing reasons, the July 18, 2017 judgment affirming the decision of the Department of Public Safety and Corrections and dismissing the suit with prejudice is affirmed. All costs of this appeal are assessed against plaintiff, Charles Ray Wallace.
AFFIRMED.

Although DPSC is not the only named defendant, in accordance with La. R.S. 15:1171, DPSC is the only proper defendant in an administrative appeal filed by a prisoner.

While incarcerated, Mr. Wallace was charged with obscenity on three separate occasions and was sentenced to additional prison time. Two of the sentences ran concurrently with the sentence he was serving and one ran consecutively.

An inmate alleging an error in computation of good time credits is required to pursue his claim through CARP. Whitehead v. Rogers, 2013-0657 (La. App. 1st Cir. 12/27/13), 2013 WL 6858297, p. 1 n.1, writ denied, 2014-0227 (La. 10/3/14), 149 So.3d 791.

The office of Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5) ; see Martinez v. Tanner, 2011-0692 (La. App. 1st Cir. 11/9/11), 79 So.3d 1082, 1084 n.3, writ denied, 2011-2732 (La. 7/27/12), 93 So.3d 597.

1991 La. Acts, No. 138, § 3, effective January 31, 1992, repealed La. R.S. 15:571.14 and the double good time provision was incorporated into La. R.S. 15:571.3, as amended by Act 138.

Paragraph (8) was redesignated as paragraph (10) on authority of La. R.S. 24:253.

Those inmates previously eligible to earn fifteen days of good time per month were allowed to earn thirty days, while those that were eligible to earn twenty-five days a month, were allowed to earn fifty days under the double good time statute as La. R.S. 15:571.14(6) allowed the good time earned to be at "twice the rate otherwise provided in this Part."