NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0483

JOHN DAVID COOK

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: _____**FEB 2 2 2021**_____

* * * * *

On Appeal from the
Nineteenth District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 682,499

The Honorable Trudy M. White, Judge Presiding

* * * * *

John David Cook
Lincoln Parish Detention Center
Ruston, Louisiana

In Proper Person

Elizabeth B. Desselle
Baton Rouge, Louisiana

Attorney for Appellee,
Louisiana Department of
Public Safety and Corrections

* * * * *

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

**PENZATO, J.**

Appellant, John David Cook, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the Department), housed at Lincoln Parish Detention Center in Ruston, Louisiana, appeals the March 9, 2020 judgment of the district court that affirmed the decision of the Department and dismissed his petition for judicial review with prejudice. Based on our review of the record, we vacate the district court's judgment and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

Cook filed a petition for judicial review in the Nineteenth Judicial District Court (19th JDC) seeking review of ARP No. HDQ-2018-2730 in accordance with the Louisiana Corrections Administrative Remedy Procedure ("CARP")[1], La. R.S. 15:1171, *et seq.* Cook asserted that he was not given 210 days of Certified Treatment & Rehabilitation Program (CTRP) credits for good time earned in accordance with La. R.S. 15:828 after he completed rehabilitation programs; requested that he be screened for a work release program; requested that he be given thirty additional days credit that the district court previously ordered, which he has not received; and claimed that the Department was attempting to apply a law *ex post facto*.

The Department responded to Cook's request denying relief and stating that CTRP credits were removed from his Master Prison Record because those credits were earned after November 1, 2017, which was the effective date of 2017 La. Acts, No. 280, § 3 (Act 280), that amended La. R.S. 15:828, and, that the application thereof was not an *ex post facto* violation. The Department also stated that the CTRP credits earned by Cook prior to November 1, 2017, were not removed from his Master Prison Record. The Master Prison Record reflected that

---

[1] An inmate alleging an error in computation of good time credits is required to pursue his claim through CARP. *Whitehead v. Rogers,* 2013-0657 (La. App. 1st Cir. 12/27/13), 2013 WL 6858297, *1 n.1 (unpublished), *writ denied,* 2014-0227 (La. 10/3/14), 149 So. 3d 791.

2

Cook earned 90 CTRP credits on February 29, 2016, and 120 CTRP credits on May 16, 2018. The Department claimed Cook was eligible to receive only the 90 CTRP credits earned on February 29, 2016, as opposed to the total of 210 CTRP credits that Cook asserts he earned by including 120 CTRP credits from May 16, 2018.

After Cook filed a petition for judicial review in the district court, the 19th JDC Commissioner[2] (Commissioner) issued a recommendation that the final administrative decision be affirmed to deny relief and that the suit be dismissed with prejudice. The district court adopted the recommendation of the Commissioner after considering the administrative record, the Commissioner's Report, and the traversal filed by Cook. It is from this judgment that Cook appeals.

## LAW AND DISCUSSION

Louisiana Revised Statutes 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing the DPSC's administrative decisions. Judicial review is mandated to be conducted by the trial court without a jury and must be confined to the record. La. R.S. 15:1177(A)(5). Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by an abuse of discretion, or (6) manifestly erroneous

___

[2] The office of Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); see Martinez v. Tanner, 2011-0692 (La. App. 1st Cir. 11/9/11), 79 So. 3d 1082, 1084 n.3, writ denied, 2011-2732 (La. 7/27/12), 93 So. 3d 597.

3

in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); *Lightfoot v. Stalder*, 2000-1120 (La. App. 1st Cir. 6/22/01), 808 So. 2d 710, 715-716, *writ denied*, 2001-2295 (La. 8/30/02), 823 So. 2d 957.

On review of the district court's judgment under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. *McCoy v. Stalder*, 99-1747 (La. App. 1st Cir. 9/22/00), 770 So. 2d 447, 450-51.

At issue herein are the CTRP credits earned on May 16, 2018, and Cook's eligibility to earn same. The Master Prison Record dated February 8, 2019, reflects that on May 7, 2015, Cook was sentenced to one year, ten months, and fourteen days in connection with a conviction of a violation of La. R.S. 14:43.1 (sexual battery).[3] [4] The Master Prison Record also reflects that on September 2, 2015, Cook was sentenced to ten years in connection with a violation of La. R.S. 14:91.5 (unlawful use of a social networking website).[5] [6] These sentences were to be served consecutively, resulting in a total sentence length of eleven years, ten months, and fourteen days.

Legislation relevant to Cook's claim herein is Act 280, effective November 1, 2017, which amended La. R.S. 15:828(C) to prohibit certain offenders from earning CTRP credits by stating:

> Notwithstanding any other provision of law to the contrary, any offender in the custody of the Department of Public Safety and

---

[3] The record reflects that the date of this offense was July 17, 1991, and that Cook was originally sentenced in connection with the conviction on January 12, 1993. The May 7, 2015 sentence was imposed pursuant to a parole revocation, and Cook was given 256 days of credits pursuant to Act 792, La. R.S. 15:571.5(C), as amended by 2010 La. Acts, No. 792, § 1. The record also reflects a prior revocation on August 27, 1998.

[4] Sexual battery is included in the definition of "sex offense" under La. R.S. 15:541(24)(a).

[5] The record reflects April 1, 2015 as the offense date for this conviction.

[6] This offense is not included in the definition of a "crime of violence" under La. R.S. 14:2(B) or "sex offense" under La. R.S. 15:541(24)(a).

4

Corrections, including those sentenced as an habitual offender pursuant to the provisions of [La.] R.S. 15:529.1, may earn additional good time for participation in certified treatment and rehabilitation programs as provided for in Subsection B of this Section, unless the offender's **instant** offense is one of the following:

(1) A sex offense as defined in [La.] R.S. 15:541.

(2) A crime of violence as defined in [La.] R.S. 14:2(B) and the offender has more than one prior conviction of a crime of violence as defined in [La.] R.S. 14:2(B) or a sex offense as defined in [La.] R.S. 15:541.[7]
[Emphasis added].

Prior to Act 280, La. R.S. 15:828(C), as amended by 2012 La. Acts, No. 181, § 1, read as follows:

Notwithstanding any other provision of law to the contrary, any offender in the custody of the [Department] who has been sentenced as an habitual offender pursuant to the provisions of [La.] R.S. 15:529.1 may earn additional good time for participation in certified treatment and rehabilitation programs as provided for in Subsection B of this Section, unless the offender was convicted of a sex offense as defined by [La.] R.S. 15:541 or a crime of violence as defined by [La.] R.S. 14:2(B).[8]

---

[7] Act 280 also amended Subsection B to state as follows:

The secretary shall adopt rules and regulations for local jail facilities and state correctional institutions to encourage voluntary participation by offenders in certified treatment and rehabilitation programs, including but not limited to basic education, job skills training, values development and faith-based initiatives, therapeutic programs, and treatment programs. When funds are provided, such educational programs shall be available at each penal or correctional institution under the jurisdiction of the department. The rules and regulations may include provisions for furloughs or the awarding of earned credits toward the reduction of the projected good time parole supervision date. Offenders may be awarded up to three hundred sixty days total earned credits toward the reduction of the projected good time parole supervision date for program participation.

[8] At this time, Subsection B of La. R.S. 15:828, as amended by 2011 La. Acts, No. 186, § 3, provided:

The secretary shall adopt rules and regulations for local jail facilities and state correctional institutions to encourage voluntary participation by inmates in certified treatment and rehabilitation programs, including but not limited to basic education, job skills training, values development and faith-based initiatives, therapeutic programs, and treatment programs. When funds are provided, such educational programs shall be available at each penal or correctional institution under the jurisdiction of the department. The rules and regulations may include provisions for furloughs or the awarding of earned credits toward the reduction of the projected good time parole supervision date. Offenders may be awarded up to ninety days toward the reduction of the projected good time parole supervision date for satisfactory participation in each approved program pursuant to the provisions of this Subsection, but no offender shall receive more than two hundred fifty days total earned credits toward the reduction of the projected good time parole supervision date for program participation.

This version of the statute applied to habitual offenders by allowing those offenders to earn CTRP credits, unless the offender was convicted of a sex offense or a crime of violence. There is no indication that Cook was sentenced as an habitual offender pursuant to La. R.S. 15:529.1.

Before the 2012 amendment, La. R.S. 15:828(C) was enacted by 1994 La. Acts, 3rd Ex.Sess., No. 110, § 1, effective August 27, 1994, to provide:

> A prisoner who has been denied eligibility for diminution of sentence for good behavior as provided in [La.] R.S. 15:537 shall not be eligible for additional good time as provided in Subsection B of this Section.[9]

Act 280 redefined eligibility for CTRP credits to all offenders (including habitual offenders) unless the **instant** offense was a sex offense as defined in La. R.S. 15:541 or a crime of violence as defined by La. R.S. 14:2(B) and the offender had more than one prior conviction for a crime of violence or a sex offense.

Cook asserts that the instant offense for which he is incarcerated is unlawful use of a social networking website, not sexual battery. He further asserts that unlawful use of a social networking website is not a sex offense defined under La. R.S. 15:541. The Master Prison Record reflects the sexual battery sentence Cook was serving was governed by good time Act 138, La. R.S. 15:571.3(B)(1), as amended by 1991 La. Acts, No. 138, § 1, effective January 31, 1992, which provided as follows:

> Every inmate in the custody of the department who has been convicted of a felony and sentenced to imprisonment for a stated number of years or months may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or

---

[9] At the time, Subsection B, as amended by 1992 La. Acts, No. 723, § 1, provided as follows:

> The secretary shall prescribe rules and regulations in the facilities and institutions under the jurisdiction of the department to encourage voluntary participation by inmates in vocational training, adult education, literacy, and reading programs. When funds are provided, such educational programs shall be available at each penal or correctional institution under the jurisdiction of the department. The rules and regulations may include provisions for furloughs or good time, in addition to the provisions of [La.] R.S. 15:571.3(B) and 571.14, for offenders who are otherwise eligible, but no offender shall receive more than ten additional days per month and one hundred eighty days total good time for program participation.

self improvement activities, or both, to be known as "good time". Those inmates serving life sentences will be credited with good time earned which will be applied toward diminution of their sentences at such time as the life sentences might be commuted to a specific number of years. The secretary shall establish regulations for awarding and recording of good time and shall determine when good time has been earned toward diminution of sentence. The amount of diminution of sentence allowed under the provisions of this Section shall be at the rate of thirty days for every thirty days in actual custody, including time spent in custody with good behavior prior to sentence for which defendant is given credit. Under the provisions of this Section, no inmate shall receive more than thirty days of good time or thirty days of jail credit for any calendar month while serving a term for consecutive sentences.

Good time credits are to be determined by the law in effect at the time of the commission of the offense. *Wallace v. LeBlanc*, 2017-1551 (La. App. 1st Cir. 6/21/18), 255 So. 3d 613, 617, *writ denied*, 2018-1322 (La. 5/28/19), 273 So. 3d 312 (*citing Massey v. Louisiana Department of Public Safety and Corrections*, 2013-2789 (La. 10/15/14), 149 So. 3d 780, 783-86).

The Department has filed no brief in this appeal responding to Cook's argument. We are unable to determine from the record whether Cook is entitled to earn CTRP credits after November 1, 2017, because we do not have sufficient information to resolve the issue of the **instant** offense under which Cook was serving at the time the disputed credits were earned. The Commissioner noted that La. R.S. 15:828(B) grants the Department the authority to enact rules and regulations concerning the award of CTRP credits, which extends not only to the Department's ability to determine those offenders eligible to earn CTRP credits, but also to the Department's ability to determine how those credits are to be approved and applied towards an offender's good time parole supervision date. However, the record does not include any of the rules and/or regulations governing the Department's determination of eligibility for CTRP credits and the approval and application to Cook.

7

Cook originally committed the offense of sexual battery on July 17, 1991, and was sentenced on January 12, 1993. When Cook was re-sentenced on May 7, 2015, to one year, ten months, and fourteen days in connection with the sexual battery conviction, the record reflects that this sentence was imposed pursuant to a parole revocation and that a prior revocation occurred on August 27, 1998. The Master Prison Record reflects a balanced owed date of July 2, 2016 and a must serve date of December 1, 2015 for this sentence. Cook was sentenced for the unlawful use of a social networking website conviction on September 2, 2015, receiving a consecutive sentence of ten years. Given that Cook was sentenced for two different offenses, with a total sentence of eleven years, ten months, and fourteen days, the record is unclear as to whether the **instant** offense is a sex offense as would prohibit the earning of CTRP credits.[10]

Because the record is unclear as to the **instant** offense under which Cook was serving his sentence at the time the disputed credits were earned, we must remand this matter to the Nineteenth Judicial District Court for a hearing to determine the same. *See Menesses v. Louisiana Department of Public Safety & Corrections*, 2017-0386 (La. App. 1st Cir. 11/16/17), 2017 WL 5494595, at *2 (unpublished) (district court did not consider inmate's argument and record insufficient to explain basis for and correctness of the Department's calculations); *Singleton v. Wilkinson*, 2006-0637 (La. App. 1st Cir. 2/14/07), 959 So. 2d 969, 971 (record did not support that appropriate verification of forfeiture of good time that occurred).

As we are remanding this matter to the district court, we pretermit any discussion as to Cook's argument that the Department's interpretation of Act 280

---

[10] We note that the Commissioner stated that prior to November 1, 2017, the Department prohibited all offenders convicted of a sex offense from earning additional good time for participation in CTRP. However, we also note that the Department permitted Cook to earn CTRP credits prior to November 1, 2017, and removed only those CTRP credits earned after that date. We also note that Act 138 did not prohibit those convicted of sex offenses from earning good time credits.

8

to prohibit the accrual of his CTRP credits is an *ex post facto* application of La. R.S. 15:828(C).

Cook also requested in his petition for judicial review that the district court enforce a previous order of that court and order the Department to screen him for a work release program. CARP provides that on judicial review of an ARP, "[t]he review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level." La. R.S. 15:1177(A)(5); *Noel v. LeBlanc*, 2011-0180 (La. App. 1st Cir. 11/9/11), 2011 WL 5412956, at *2 (unpublished). As neither of these two claims were asserted in ARP No. HDQ-2018-2730, we have no authority to address them.

## CONCLUSION

For the above and foregoing reasons, the March 9, 2020 judgment affirming the decision of the Louisiana Department of Public Safety and Corrections and dismissing the petition for judicial review with prejudice is vacated. We remand this case to the Nineteenth Judicial District Court to conduct a hearing to determine the **instant** offense David Cook was serving time for at the time the disputed credits were earned, and based upon same, his eligibility to earn Certified Treatment & Rehabilitation Program credits. An assessment of costs of the appeal is deferred until there is a ruling on the merits of the case.

**VACATED AND REMANDED WITH INSTRUCTIONS.**