## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 CA 0506

DAMOND J. WASHINGTON

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

*DATE OF JUDGMENT:*    NOV 0 7 2022

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 708010, SECTION 24

HONORABLE DONALD R. JOHNSON, JUDGE

* * * * * *

Damond J. Washington
Winnsboro, Louisiana

Plaintiff-Appellant
Pro Se

Jonathan R. Vinning
Elizabeth B. Desselle
Baton Rouge, Louisiana

Counsel for Defendant-Appellee
Louisiana Department of Public Safety
and Corrections

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: **AFFIRMED.**

**CHUTZ, J.**

Plaintiff-appellant, Damond J. Washington, a prisoner in the custody of defendant, Louisiana Department of Public Safety and Corrections (DPSC), appeals the district court's judgment, dismissing his petition for judicial review of his request for administrative remedy procedure (ARP) that challenged the calculation of his release date. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Washington was arrested on May 25, 2015. On October 24, 2016, Washington pled guilty in Orleans Parish to four charges asserted against him. For each of counts 1 and 2, which were both charges of attempted second degree murder, Washington was sentenced to seventeen years and six months at hard labor.[1] The criminal court expressly ordered the sentences for each of counts 1 and 2 were "concurrent with these counts: any and all counts." Also noted for each of counts 1 and 2 was the designation, "A crime of violence is included in the charges." For each of counts 3 and 4, which were charges of possession of a firearm or weapon by a felon, Washington was sentenced to twenty years at hard labor.[2] The criminal court expressly ordered the sentences for each of counts 3 and 4 were "concurrent with these counts: any and all counts." Credit for time served applied to all four counts to which Washington pled guilty.

While serving the four concurrent sentences in DPSC's custody, Washington initiated this ARP claim, averring that DPSC had misapplied the law in calculating the diminution of the sentences for good behavior and, thus, the date of his release from DPSC's custody was incorrect. As relief, Washington requested that DPSC

---

[1] See La. R.S. 14:27 and 30.1.

[2] See La. R.S. 14:95.1.

2

recalculate his release date. DPSC concluded its calculations were correct and denied the requested relief.[3]

Washington thereafter filed a petition for judicial review of the ARP in the Nineteenth Judicial District Court. DPSC answered, maintaining that the ARP relief was correctly denied. The district court commissioner subsequently issued a report, recommending that DPSC's decision be affirmed.[4] The district court judge agreed with the recommendations and signed a judgment, affirming DPSC's decision and dismissing Washington's claims with prejudice. Washington appeals.

## DISCUSSION

La. R.S. 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing DPSC's administrative decisions. Judicial review is mandated to be conducted by the district court without a jury and must be confined to the record. La. R.S. 15:1177(A)(5). Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); *Wallace v. LeBlanc*, 2017-1551 (La. App. 1st Cir. 6/21/18), 255 So.3d 613, 615, writ denied, 2018-1322 (La. 5/28/19), 273 So.3d 312.

---

[3] The record, which was certified by DPSC as "true and exact copies of the entire administrative proceedings" does not contain a first-step response.

[4] The office of Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The Commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. See La. R.S. 13:713(C)(5); *Wallace v. LeBlanc*, 2017-1551 (La. App. 1st Cir. 6/21/18), 255 So.3d 613, 615 n.4, writ denied, 2018-1322 (La. 5/28/19), 273 So.3d 312.

3

On review of the district court's judgment under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. *Wallace*, 255 So.3d at 616.

Washington asserts that the wrong version of La. R.S. 15:571.3, setting forth the guidelines for diminution of sentences for good time, was applied by DPSC in calculating his date of release. Washington points out that the crime of possession of a firearm or weapon by a felon is not a crime of violence. He then reasons that because the sentences of the longest duration that he received were the two sentences of twenty years for his violations of the crime of possession of a firearm or weapon by a felon, the version of La. R.S. 15:571.3 as amended by La. Acts 2017, No. 280, § 3, effective November 1, 2017 (Act 280), applies to all four of the concurrent sentences imposed against him.

Good time credits are determined by the law in effect at the time of the commission of the offense. *Wallace*, 255 So.3d at 617 (citing *Massey v. Louisiana Dep't of Pub. Safety & Corr.*, 2013-2789 (La. 10/15/14), 149 So.3d 780, 783-86). Since Act 280 had not taken effect on May 25, 2015, the date of Washington's offense for which he was arrest, its provisions are inapplicable to the calculation of his release date. Thus, DPSC correctly denied Washington's requested ARP relief,[5] and the district court correctly dismissed his petition for judicial review with prejudice.

---

[5] See La. Acts 1995, No. 1099, effective January 1, 1997, which amended La. R.S. 15:571.3 to state, "The amount of diminution of sentence allowed under the provisions of this Section shall be at the rate of thirty days for every thirty days in actual custody except for an inmate convicted a first time of a crime of violence ... who shall earn diminution of sentence at a rate of three days for every seventeen days in actual custody."

4

## DECREE

The district court judgment, dismissing Washington's petition for judicial review of DPSC's denial of the request for recalculation of his release date is affirmed. Appeal costs are assessed against plaintiff-appellant, Damond J. Washington.

**AFFIRMED.**